UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL M.,<br><br>                Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | NO. 2:21-CV-0219-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 12). These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED,** and Defendant's Motion for Summary Judgment (EFC No. 12) is **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at 1115 (citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

1  The claimant bears the burden of proof at steps one through four above.
2  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to
3  step five, the burden shifts to the Commissioner to establish that (1) the claimant is
4  capable of performing other work; and (2) such work "exists in significant
5  numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);
6  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 25, 2018, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of November 1, 2017. Tr. 15. The application was initially denied and denied again on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on November 23, 2020. *Id*. The ALJ denied Plaintiff's claim on December 28, 2020. Tr. 30.

As a threshold matter, the ALJ found Plaintiff would meet the insured status requirements of the Social Security Act through September 30, 2018. Tr. 17. At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2017, the alleged onset date. *Id*. At step two, the ALJ found Plaintiff had the following severe impairments: asthma; lumbar strain with chronic back pain; narcissistic personality disorder; antisocial personality disorder; depression and posttraumatic stress disorder (PTSD). Tr. 17–

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

1  18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18-20. The ALJ then found Plaintiff had a residual functional capacity to perform medium work except:

> [Plaintiff] can lift 40 pounds occasionally and 20 pounds frequently. He can sit for up to six hours in an eight-hour day, and he can stand/walk for up to six hours in an eight-hour day for one hour at a time. He can occasionally climb ladders, ropes or scaffolds. He must avoid concentrated exposure to industrial vibration, moving mechanical parts and fumes, odors, dusts and gases. He can have no exposure to unprotected heights. He can have no contact with the general public and superficial, brief contact with coworkers and supervisors. He can never engage in collaborative or tandem work. He can tolerate only occasional changes in work duties.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 28. However, the ALJ found that based on claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as a Bottle Line Attendant (DOT# 920.687-042), light, unskilled (SVP 1), a Racker (DOT# 524.687-018), light, unskilled (SVP 1), and a Bottle Packer/Caser (DOT# 920.685-026), light, unskilled (SVP 2). Tr. 28-29. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from November 1, 2017, the alleged onset date, through December 28, 2020, the date of the ALJ's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1  decision.  Tr. 30.

## ISSUE

Plaintiff essentially raises the following issue in this suit:

Did the ALJ fail to provide legally sufficient reasons for rejecting the opinions of three examining physicians and the medical expert opinion which support a finding that Plaintiff met Listing 12.08 and /or was unable to perform substantial gainful activity?

ECF No. 11 at 1-2.

## DISCUSSION

### A.    Medical Opinion

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence showing he met Listing 12.08 Personality and impulse-control disorders at step three of the evaluation process.  ECF No. 11 at 4-5.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed his Title II and XVI claims after March 27, 2017.  *See* Tr. 15.

Under the new regulations, the ALJ will no longer "give any specific

evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

The parties dispute whether Ninth Circuit law that predates the new regulations apply. ECF Nos. 11 at 12; 12 at 3-5. The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can only "be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31 (internal citation omitted).

At this time, the Ninth Circuit has not addressed whether these standards still apply when analyzing medical opinions under the new regulations. For purposes of the present case, the Court finds that resolution of this issue is unnecessary.

//

*1. Jay Toews, Ed.D.*

Plaintiff challenges the ALJ's rejection of the independent medical expert Dr. Toews' opinion that Plaintiff had a marked functional limitation; adapting or managing oneself. The ALJ found that Plaintiff has no limitation adapting or managing oneself. Tr. 19. Plaintiff reported no mental difficulty bathing, dressing, or completing aspects of his personal hygiene, and he reported that he is capable of managing his daily routine without any significant assistance from others. *Id*. In addition, the ALJ found that the treatment notes routinely indicated he had appropriate mood and affect during exams. *Id*. The ALJ noted that Dr. Toews' opinion of the claimant's marked difficulty with adapting or managing oneself due to attitude and motivation is not consistent with the claimant's unremarkable mental status findings, or with his reported activities of daily living, including renovating his cabin, chopping wood, shoveling snow and feeding his farm animals. Tr. 28. Plaintiff installed a kitchen and a bathroom, put in electricity and did all the plumbing and septic work. Tr. 478. The ALJ also noted that much of the evidence Dr. Toews recounted to support his opinions predated the Plaintiff's alleged onset date of disability. *Id*.

Social Security defines, "adapting and managing oneself" as the ability to regulate emotions, control behavior, and maintain well-being in a work setting. *See* 20 C.F.R. Pt. 404, Subpt. P, app. 1, 12.00(E). Examples include responding to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  demands; adapting to changes; managing one's psychologically based symptoms;

2  distinguishing between acceptable and unacceptable work performance; setting

3  realistic goals; making plans independently of others; maintaining personal

4  hygiene and attire appropriate to a work setting; and being aware of normal

5  hazards and taking appropriate precautions.  *Id*.

6  No harmful error has been shown.

7      2.  *Georgie Knapp, Psy.D.*

8  In February 2014, Dr. Knapp opined that Plaintiff had severe impairment in

9  his ability to complete a normal workday and workweek without interruptions from

10  psychologically based symptoms, and marked impairment in his ability to ask

11  simple questions and request assistance, communicate and perform effectively in a

12  work setting and maintain appropriate behavior in a work setting.  Tr. 372.  The

13  ALJ found this opinion unpersuasive.  Tr. 23.  The opinion was rendered well prior

14  to the period of disability at issue and was not supported by Dr. Knapp's mostly

15  unremarkable findings.  *Id*.  Also, the opinion appears to be based upon Plaintiff's

16  self-reported symptoms without Dr. Knapp reviewing any other mental health

17  records.  Tr. 23-24.  The ALJ also discounted Plaintiff's claimed intensity,

18  persistence and limiting effects of his symptoms, which have not been challenged.

19  Tr. 23 ("Some of the physical and mental abilities and social interactions required

20  in order to perform these activities are the same as those necessary for obtaining

and maintaining employment. The undersigned finds the claimant's ability to participate in such activities is inconsistent with his allegations of functional limitations."). Finally, the ALJ found that Dr. Knapp's opinion of extreme limitations was not consistent with current findings. Tr. 24.

No harmful error has been shown.

### 3. Jenna Yun, Ph.D.

In July 2016, Dr. Yun opined that Plaintiff had severe impairment in his ability to complete a normal workday and workweek, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently. Tr. 390. She determined that he had marked impairment in his ability to ask simple questions, request assistance and make simple work-related decisions. Tr. 390. The ALJ found this opinion unpersuasive because Dr. Yun's opinion was rendered prior to the relevant period and not consistent with the current mental status findings. Tr. 24.

No harmful error has been shown.

### 4. Catherine MacLennan, Ph.D.

In December 2018, psychological consultative examiner Catherine MacLennan, Ph.D., opined that the Plaintiff had no cognitive or neurocognitive limitations, but his rigid and atypical thinking patterns would result in difficulty with reasoning and planning. She noted no concerns about his ability to sustain

1  concentration, persistence and pace.  She determined that the claimant would likely
2  be very stressed by having to work around others, and he would not get along well
3  with others in a work setting.  She concluded that the claimant was not adaptable
4  or flexible, as he had become quite rigid in his thinking and his expectations of the
5  world around him.  The ALJ found this opinion mostly persuasive and supported
6  by her exam findings.  Tr 24 ("the [Plaintiff] demonstrated unremarkable
7  psychomotor activity, normal perception and speech, ability to think in a linear,
8  clear and goal oriented manner, strong verbal skills, above average immediate
9  memory, intact fund of current knowledge, geographic orientation and ability to
10 perform basic calculations, and abstract verbal abilities.  Her opinion is also
11 consistent with the claimant's perfect score on the MMSE.  Furthermore, her
12 opinion is consistent with other findings of full orientation, normal judgment and
13 insight, and normal memory.").  However, the ALJ found that Plaintiff would have
14 some limitation with concentrating, persisting and maintaining pace.  Tr. 24-25.

   Plaintiff contends Dr. MacLennan found the equivalent of marked
limitations, without saying so.  However, the limitations identified have been
incorporated into the ALJ's RFC findings.  Tr. 20.

   No harmful error has been shown.

   **B.   Social Limitations**

   Plaintiff contends that his social limitations as expressed by the above

experts support a total prohibition on working with or around others. ECF No. 11 at 19. However, the ALJ limited Plaintiff to no contact with the general public; superficial, brief contact with co-workers and supervisors; and no engagement in collaborative or tandem work. Tr. 20. Thus, the ALJ's RFC determination accounted for Plaintiff's limitations yet still found jobs that exist in significant numbers in the national economy that the claimant can perform considering his age, education, and work experience. Tr. 28-29.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion for Summary Judgment (ECF No. 11) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **close** the file.

DATED March 24, 2022.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15